IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BRENDA BROWN BENNETT, ) | CIVIL ACTION NO. 9:16-133-RBH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI)[1] on March 19, 2012 (protective date), alleging disability as of May 1, 2010, due to interstitial cystitis and bad knee.[2] (R.p. 213-226, 269). Plaintiff's applications were denied initially and upon reconsideration, as well as by an Administrative Law Judge (ALJ) after a hearing, in a

---

[1]Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that she was disabled during the insured period for DIB may still receive SSI benefits if she can establish that she is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits].

[2]Through her testimony and medical records, Plaintiff also subsequently claimed that she suffers from an affective disorder, obesity, hypertension, hyperlipidemia, headaches, idiopathic cardiomyopathy, back pain, bronchitis/reactive airway disease, neck pain, and obstructive sleep apnea. (R.p. 16).



decision issued July 8, 2014. (R.pp. 11-25). Plaintiff appealed this decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-3).

Plaintiff then filed this action in United States District Court, asserting that there is not substantial evidence to support the ALJ's decision, and that the decision should therefore be reversed and remanded for further consideration. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also, Hepp v. Astrue, 511 F.3d 798, 806 (8th cir. 2008)[Noting that the substantial evidence standard is even "less demanding than the preponderance of the evidence standard"].



The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

A review of the record shows that Plaintiff, who was forty-three (43) years old on her alleged disability onset date, completed her education at least through the eleventh grade, received a GED, and has obtained a nursing assistant certification. She has past relevant work experience as a cashier, cook, a housekeeper, and a general laborer in the laundry business. (R.pp. 37, 269-270). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months.

After a review of the evidence and testimony in this case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[3] of osteoarthritis of the right knee, an affective disorder, interstitial cystitis, and obesity, she nevertheless retained the residual functional capacity (RFC) to perform sedentary work,[4] with the following additional limitations: requiring a

---

[3]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

[4]Sedentary work is defined as lifting no more than ten pounds at a time and occasionally lifting
(continued...)



cane for ambulation; no operation of foot pedals; no climbing of ladders, ropes, and scaffolds; no kneeling, crawling, or crouching; no more than occasional climbing of stairs, balancing, and stooping; avoid all exposure to vibration, heights, and dangerous machinery; requirement of ready access to bathroom facilities; and limited to simple work with no contact with the public as customers. (R.pp. 16, 18). The ALJ further determined that, although the limitations caused by Plaintiff's impairments precluded her from performing her past relevant work, she could perform other representative occupations such as an address clerk and a sample weight tester with these limitations, and was therefore not entitled to disability benefits. (R.p. 24).

Plaintiff asserts in reaching this decision the ALJ erred by performing a faulty RFC analysis, failing to properly evaluate Plaintiff's obesity pursuant to SSR 02-1p, failing to properly resolve the issue of Plaintiff's ability to do substantial work in significant numbers (specifically with respect to Plaintiff needing a cane to ambulate), and failing to properly evaluate Plaintiff's credibility. After careful review and consideration of the record and arguments from the parties, the undersigned is constrained to agree with the Plaintiff that the ALJ's RFC analysis was flawed, and that the decision must therefore be reversed and remanded for further consideration of Plaintiff's claims.

With respect to Plaintiff's mental impairment, the medical evidence reflects that on June 2, 2012, J. P. Ginsberg, PhD, opined that Plaintiff suffered from major depression with psychosis and probable traumatic stress. (R.p. 611). Leslie Burke, PhD, found that Plaintiff had

---

[4](...continued)
and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

4



moderate difficulties in concentration, persistence, or pace on July 19, 2012. (R.p.87). On August 6, 2012, Dr. James Key found insufficient evidence of difficulties in Plaintiff's concentration, persistence, or pace. (R.p. 73). However, when Plaintiff presented to Eau Claire Behavioral Medicine in October 2012, she was assessed with depression, recurrent with psychotic features, and with a GAF score of 42.[5] (R.p. 682). Kevin King, PhD, found on December 10, 2012 that Plaintiff had moderate difficulties in concentration, persistence, or pace. (R.p. 118).

After review of this medical evidence and consideration of the subjective testimony presented at the hearing, the ALJ found that Plaintiff had a severe mental impairment (affective disorder), including moderate difficulties with regard to concentration, persistence, or pace. (R.pp. 16, 18). However, although the ALJ found that Plaintiff had moderate restrictions with respect to concentration, persistence, or pace, he failed to then properly account for this restriction in his RFC determination. Specifically, the ALJ limited Plaintiff's RFC to (among other limitations) the performance of simple work with no contact with the public as customers. (R.p. 18). Concededly, at the time of the ALJ's decision, restricting a claimant to simple work to account for mental impairments, to include a moderate restriction with respect to concentration, persistence or pace, was an RFC formula that had generally found support in previous case law, and which this Court had itself upheld as sufficient in some earlier decisions. Cf. Wood v. Barnhart, No. 05-432, 2006 WL 2583097 at * 11 (D.Del. Sept. 7, 2006) [Finding that by restricting plaintiff to jobs with simple instructions, the ALJ adequately accounted for plaintiff's moderate limitation in maintaining

---

[5]"Clinicians use a GAF [Global Assessment of Functioning] to rate the psychological, social, and occupational functioning of a patient." Morgan v. Commissioner of Soc. Sec. Admin., 169 F.3d 595, 597 n.1 (9th Cir. 1999). A GAF score of 41 to 50 indicates "serious symptoms" or "serious difficulty in social or occupational functioning." Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 32-34 (4th ed. 2000).



concentration, persistence or pace]; McDonald v. Astrue, 293 F. App'x 941, 946-47 (3d Cir. 2008) [noting that the ALJ properly accounted for his finding that the claimant had moderate limitations in concentration by limiting him to simple, routine tasks].  However, in a case decided after the ALJ's decision, Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "an ALJ does not account 'for a claimant's [moderate] limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio, 780 F.3d at 638, quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011).

That appears to be exactly what the ALJ did in this case.  Certainly, the Commissioner does not argue otherwise in her brief.  See Defendant's Brief, pp. 6-7.  After Mascio, however, such a summary finding is no longer sufficient, as the Fourth Circuit has held that the ability to perform simple work is not the same as having the ability to *stay on task* during a workday, which is the limitation that would account for a claimant's impairment in concentration, persistence or pace. Mascio, 780 F.3d 638.  The ALJ did not address this limitation (to "stay on task") in either his RFC finding or in his hypothetical to the VE.[6]  (R.pp. 18-19, 59-62).  See Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) [In order for a vocational expert's opinion to be helpful and relevant, it must be "in response to proper hypothetical questions which thoroughly set out all of claimant's impairments"]; Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) [hypothetical question submitted to the VE must state the claimant's impairments with precision].

In sum, and in light of Mascio, it is now the law in this Circuit that the ALJ's limitation of the Plaintiff's RFC to simple tasks does not by itself take into account any inability "to

---

[6]Indeed, in his hypothetical to the VE, the ALJ stated that Plaintiff's limitation to "simple work where she wouldn't have to engage the public as customers" was due to Plaintiff having "some issues with emotional situations, as well as pain. . . . ." (R.p. 60).



sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(3);[7] cf. Tyler v. Colvin, No. 15-225, 2016 WL 831944, at * 3 (M.D.N.C. Feb. 29, 2016)[Finding that "[t]he additional limitations in Plaintiff's RFC limiting him to [unskilled] work that does not involve reading or writing fails to account for his moderate limitations in concentration, persistence, or pace."], adopted March 23, 2016 (unpublished). Rather, the ALJ's limitation to simple tasks primarily addresses the complexity of the work, not Plaintiff's ability to stay on task. See Mascio, 780 F.3d at 638; Salmon v. Colvin, No. 12-1209, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015) [noting that "the Fourth Circuit made clear that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work."] (citations and quotations omitted); cf. Straughn v.

---

[7]Listing 12.00 explains, in part:

> Concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings. Limitations in concentration, persistence, or pace are best observed in work settings, but may also be reflected by limitations in other settings. In addition, major limitations in this area can often be assessed through clinical examination or psychological testing. Wherever possible, however, a mental status examination or psychological test data should be supplemented by other available evidence.
> 
> ****
> 
> In work evaluations, concentration, persistence, or pace is assessed by testing your ability to sustain work using appropriate production standards, in either real or simulated work tasks (e.g., filing index cards, locating telephone numbers, or disassembling and reassembling objects). Strengths and weaknesses in areas of concentration and attention can be discussed in terms of your ability to work at a consistent pace for acceptable periods of time and until a task is completed, and your ability to repeat sequences of action to achieve a goal or an objective.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(3).



Colvin, No. 14-200, 2015 WL 4414275, at *4 n.5 (M.D.N.C. July 20, 2015) [reasoning that the ALJ "did not address how the RFC's limitation to 'simple, routine' tasks addressed his finding of 'mild limitations with concentration, persistence or pace.' Thus, the ALJ's decision may also run afoul of the recent decision in Mascio"] (citation and quotation omitted).

Similarly, the ALJ's limitation of the Plaintiff's contact with the public deals largely with workplace adaption, rather than concentration, pace, or persistence. See McPherson v. Colvin, No. 16-1469, 2016 WL 5404471 at * 8 (E.D.Pa. Sept. 28, 2016)[where the court rejected that moderate restrictions in concentration, persistence, and pace were accommodated by a hypothetical to a VE that only included: 1) the performance of routine, repetitive tasks; 2) a low stress environment (defined as no frequent independent decision making required and no frequent changes in the work setting); and 3) no public interaction and occasional interaction with coworkers and supervisors](citing to Varga v. Colvin, 794 F.3d 809, 815 (7th Cir. 2015)); Knight v. Commissioner, No. 15-1512, 2016 WL 4926072 (D.S.C. Sept. 16, 2016)[The ALJ's limiting the hypothetical to 'unskilled work with no direct interaction with the public; only occasional team type interaction with coworkers; [who] should not be required to adapt to greater than simple, gradual changes in the workplace' did not account for the Plaintiff's moderate limitation in concentration, persistence, or pace]. Hence, "neither the ALJ's RFC assessment nor the ALJ's hypothetical questions to the VE address Plaintiff's ability to stay on task, and the [undersigned] is left to guess how the ALJ accounted for this ability despite finding that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace. Remand thus is appropriate." Carr v. Colvin, No. 15-685, 2016 WL 4662341, at *10 (D. Md. Sept. 7, 2016)[Finding that the ALJ's inclusion of a limitation in the assessment of Plaintiff's RFC and in the hypothetical questions to the VE to only occasional contact



with supervisors, co-workers, and the public accounts for Plaintiff's moderate difficulties in social functioning,[8] but does not account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace].

The Defendant urges this Court to affirm the decision because the ALJ specifically agreed with the findings of Dr. King, who determined that although Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace, she was capable of maintaining a regular work schedule and had the mental residual functional capacity to perform simple tasks in a job setting that does not require ongoing interaction with the public. (R.pp. 18, 22, 118, 123). However, under the facts of this case and the applicable standards, the undersigned cannot recommend affirming the ALJ's decision on this basis, as the ALJ did not address or make any finding as to whether Plaintiff would have any difficulties staying on task during an 8 hour workday or what percentage of time the Plaintiff may have difficulty concentrating during the work day, an omission made even more significant by the VE's testimony that Plaintiff would not be able to perform the jobs identified if she would be off task more than three (3) hours out of an eight (8) hour workday. (R.p. 62).[9] As such, "it is not entirely clear how the evidence aligns with the necessary

---

[8] The ALJ found that Plaintiff had moderate difficulties in social functioning in this case. (R.p. 18).

[9] This case therefore stands in contrast to cases where the decision has been upheld because the ALJ specifically addressed the claimant's ability to stay on task notwithstanding the claimant's mental limitations. Cf. Falls v. Colvin, No. 14-195, 2015 WL 5797751, at * 7 (D.S.C. Sept. 29, 2015) ["As opposed to the hypothetical in Mascio, which said nothing about the claimant's mental limitations, the ALJ's hypothetical in this case accounted for each of Plaintiff's mental limitations. The ALJ also accounted for Plaintiff's limitations in the area of concentration when determining Plaintiff's residual functional capacity. The ALJ noted Plaintiff's mental limitations but found that the Plaintiff could concentrate, persist and work at pace to do simple, routine, repetitive work at 1-2 step instructions for extended periods say 2-hour periods in an 8-hour day"].

9



functions, which is a required showing." See Miller v. Colvin, No. 15-443, 2016 WL 3679292 at **4-5 (W.D.N.C. July 11, 2016)(citing Mascio, 780 F.3d at 636; SSR 96–8p, 1996 WL 374184, at *7).

While it may be that the ALJ will find, based on the evidence and facts of this case, that Plaintiff's moderate impairment in being able to concentrate and stay on task would not affect her ability to perform the work identified in the decision; see Mascio, 780 F.3d at 638 [noting that the ALJ may be able to explain why a moderate concentration, persistence, or pace limitation did not translate into a limitation in the RFC ("[f]or example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the [VE]"), but finding that remand was appropriate because the ALJ gave no explanation]; he did not make that determination or finding in his decision,[10] and this Court may not do so in the first instance. Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) [Court cannot affirm a decision on a ground that the ALJ did not himself invoke in making the decision].

Therefore, the decision should be reversed and remanded for consideration of Plaintiff's RFC in compliance with Mascio.[11]  With respect to Plaintiff's remaining claims of error,

---

[10] As noted, the ALJ did not have the benefit of the Fourth Circuit's Mascio analysis when making his findings, since that case was decided after the decision in this case.

[11] Since remand is being recommended, the undersigned also notes that with regard to the weight tester position, this job requires a reasoning level of three. As such, the ALJ's limiting of the Plaintiff to simple, routine, and repetitive work  provides an additional concern as to Plaintiff's ability to perform that position. Cf. Williams v. Colvin, No. 13-1563-JMC, 2015 WL 1423323 at * 2 (D.S.C. Mar. 27, 2015)[holding an apparent conflict existed between jobs identified by the VE that had a DOT reasoning level of 3 and a limitation in the hypothetical to performance of only simple, routine, and repetitive tasks]; Collins v. Colvin, No. 13-76, 2014 WL 4536727 at * 7-8 (D.S.C. Sept. 11,
(continued...)



on remand the ALJ will be able to consider and re-evaluate the evidence in toto as part of the reconsideration of this claim.  Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, with **remand** to the Commissioner for reevaluation of the evidence as set forth hereinabove, and for such further administrative action as may be necessary.  See Shalala v. Schaefer, 509 U.S. 292 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 15, 2016
Charleston, South Carolina

---

[11](...continued)
2014)[same](collecting cases); Graham-Willis v. Colvin, No. 12-2489-JMC, 2013 WL 6840465 at * 7 (D.S.C. Dec. 27, 2013)[holding an apparent conflict existed between the jobs identified by the VE that had DOT reasoning level of 3 and the limitation in the hypothetical to performance of only simple tasks]; cf. Shivers v. Colvin, No. 12-3381, 2014 WL 1315183, at * 3-4 (D.S.C. March 28, 2014).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

